UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIM. NO. 21-CR-10350-LTS |
| ) | |
| ELI SANDERS ) | |

**SUPPLEMENT TO MOTION TO HAVE DEFENDANT RELEASED TO GOSNOLD HOUSE FOR INPATIENT TREATMENT AND REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1**

Defendant Eli Sanders hereby supplement his motion to have this Court release him to inpatient treatment at Gosnold House for drug addiction treatment and requests hearing concerning same. (Doc 90) Sanders relies upon the following:

1. On March 16, 2022, the undersigned learned from AUSA Nadine Pellegrini that she had reservations about the allowance of this motion (Doc. 90) because she had learned from Probation Officer Andrew Kessler-Cleary that Mr. Sanders had left on earlier occasions various treatment programs without completing them. She expressed concern that if he left the Gosnold program, the Government would be tasked with the obligation to find him as he would be a fugitive.

2. On March 17, 2022, the undersigned spoke with Probation Officer Andrew Kessler-Cleary and informed him that Mr. Sanders had successfully completed several programs including but not limited to the Hello program at 686 Massachusetts Avenue, South Boston, MA, the Men's Addiction Treatment Center

in Brockton, MA and the BOAT program to which he was assigned by the Dorchester District Court probation office. Mr. Kessler-Cleary stated that he would check up on some of these matters.

3. The undersigned stated to both AUSA Pellegrini and Probation Officer Kessler-Cleary on March 17, 2022 that Mr. Sanders was willing to wear a GPS monitor and that the wearing of such a monitor was an acceptable condition to Gosnold House where Mr. Sanders is still on the waiting list for an available bed at its facilities.

4. Because Mr. Sanders cannot immediately go to a bed when it is available, he remains on the Gosnold list until a bed that can be kept available without being immediately filled can be made available for him.

5. On March 17, 2022, the undersigned learned that Plymouth County House of Correction would not let Mr. Sanders continue to call Gosnold House; as a result the undersigned has arranged to have his name listed as the contact with Gosnold House to keep it informed of Mr. Sanders' desire to attend its inpatient program.

6. On March 17, 2022, the undersigned learned that Plymouth County officials failed to transport Mr. Sanders to the Massachusetts General Hospital for a rehabilitation appointment that had been scheduled for him before his arrest and was known to the Plymouth County officials when Mr. Sanders first arrived there.

7.      Upon information and belief, Mr. Sanders has remained without rehabilitative treatment on his arm and hand since his detention from December 22, 2022 to the present.

8.      Mr. Sanders desires and is in need of treatment for addiction and is without the ability to obtain the necessary treatment without the allowance of the motion (Doc 90) as supplemented by this document.

9.      The Government continues NOT to assent to the relief sought in this motion.

10.     Probation Officer Kessler-Cleary does NOT assent to the relief sought in this motion.

11.     A defendant pretrial detainee ought not to be prohibited from receiving both necessary treatment to counteract his addiction and rehabilitation for an existing injury that, without rehabilitative intervention, can prevent him from regaining full motor skills in his hand and arm.

12.     While the defendant did receive a detention hearing and did NOT appeal the adverse ruling ordering detention, the absence of treatment to the medical, addictive and health conditions of the defendant require reconsideration of the original order because the conditions under which he was ordered detained have changed.

### REQUEST FOR HEARING PURSUANT TO LOCAL RULE 7.1

1. Pursuant to L.R. 7.1(d), the defendant believes that oral argument may provide assistance to the Court, where, among other things, (1) the within motion

contains a relatively complex factual and legal situation, and (2) the parties may be able to clarify the record for the benefit of the Court.

**WHEREFORE**, for all the foregoing reasons, Defendant Eli Sanders respectfully requests that this Court GRANT the within motion.

                                              Defendant
                                              Eli Sanders
                                              By his Attorney,

                                              */s/ James B. Krasnoo*
                                              James B. Krasnoo (Bar No. 279300)
                                              Krasnoo, Klehm & Falkner LLP
                                              28 Andover Street, Suite 240
                                              Andover, MA  01810
                                              (978) 475-9955 (telephone)
                                              (978) 337-2998 (mobile)
                                              (978) 474-9005 (facsimile)
Dated:  March 11, 2022                 jkrasnoo@kkf-attorneys.com

## CERTIFICATE OF SERVICE

     I hereby certify that I served a true copy of the within document upon counsel of record for the Government via the Court's ecf system, and on the Probation Officer by email, on March 11, 2022.

                                              */s/ James B. Krasnoo*
                                              James B. Krasnoo