UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELI SANDERS,<br>    Defendant | CRIMINAL No. 21-cr-10350-LTS |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

    The United States of America, by Rachael S. Rollins, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, files this opposition to the Defendant Eli Sanders (hereinafter the Defendant)'s Motion for Reconsideration of the Order of Detention entered (Dkt.96). There are two separate aspects to the Defendant's Motion: the first issue relates to the defendant's release to a residential treatment program while the second issue relates to the detention facility's alleged failure to drive the Defendant to a previously scheduled medical appointment at Massachusetts General Hospital.

    As to the first issue, as Defendant notes in his motion, both the Government and Probation remain opposed to the Defendant's release to Gosnold House for treatment. The government understands that addiction is an issue which is not often easily addressed. By the same token, however, addiction is not a basis for release after an arrest for a serious drug trafficking offense. Detention was sought because the Defendant, who is a registered sex offender, has no permanent address; no truly viable means of support; has no steady occupation; and has no apparent support from his family. To the best of the government's understanding, based upon conversations with the Probation Officer assigned to this matter, the defendant's mother apparently is unwilling to have the Defendant live with her and confirmed to the officer that the Defendant has walked away

from drug treatment programs in the past.[1]  Nothing about those factors upon which the government relied in its request for detention has changed.

Gosnold House is not a secure facility. A GPS monitor would have to be supplied by U.S. Probation but if the Defendant chooses to leave the facility, a monitor will not stop him.  Moreover, the GPS does not address the danger that the Defendant poses to himself or to the community.

The second issue raised by the Defendant is his claim that the facility refused to transport the Defendant to an outside medical facility where the Defendant had made an appointment for an injury prior to his arrest.  While the government has no independent evidence of this failure, it is also unaware that a detention facility is required to act as transport to an unsecure medical facility simply because the Defendant seeks treatment there.  It is unclear whether or not the Defendant has sought medical treatment at the facility where he is currently detained.

Nothing that the Defendant has presented to the Court can assure this Court that the Defendant does not pose a risk to himself or to the community.

The government requests that the Defendant's Motion be denied.

                Respectfully submitted,

                RACHAEL S. ROLLINS
                United States Attorney

By:   */s/ Nadine Pellegrini*
      NADINE PELLEGRINI
      Assistant United States Attorney
      617/748-3261

---

[1] The Defendant has not provided any independent support of his claim to have successfully completed other programs.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

>*/S/ Nadine Pellegrini*
>NADINE PELLEGRINI
>Assistant United States Attorney

Date: March 17, 2022