UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIM. NO. 21-CR-10350-LTS |
| ) | |
| ELI SANDERS ) | |

## DEFENDANT ELI SANDERS' PROPOSED BRIEF RESPONSE TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant Eli Sanders hereby proposes to file this brief response to Government's Opposition (Doc. 103) to Defendant's Motion for Reconsideration (Doc. 96) and to Supplement to Motion to Have Defendant Released to Gosnold House for Inpatient Treatment and Request for Hearing pursuant to Local Rule 7.1.

1.      On February 23, 2022, the Defendant filed his Motion for Release from Custody to Gosnold House for Inpatient treatment. (Doc. 90)

2.      On March 11, 2022, the Defendant filed his  Motion for Reconsideration re [Doc.] 90 entitled Supplement to Motion to Have Defendant Released to Gosnold House for Inpatient Treatment and Request for Hearing pursuant to Local Rule 7.1. (Doc. 96)

3.      The Government filed its opposition (Doc. 103) to defendant's motion for reconsideration on March 17, 2022.

4.      The defendant notes that due to the necessitated brevity of the pretrial services interview because of the shortness of time lapsing between the interview

and the detention hearing, the defendant was not asked to recite those addiction treatment programs that he had both successfully and unsuccessfully attended.

5.   Upon information and belief, Probation Pretrial Services Officer Andrew Kessler-Cleary telephonically interviewed Mr. Sanders' mother, Karin Segal, who told him of her knowledge that her son had not successfully treated in the past at various addiction centers.

6   Undersigned counsel spoke with the defendant's mother who was unaware of the treatment centers attende by the defendant where he successful completed the program.

7.   On March 17, 2022, the undersigned spoke with Probation Officer Andrew Kessler-Cleary and informed him that Mr. Sanders had successfully completed several programs including but not limited to the Hello program at 686 Massachusetts Avenue, South Boston, MA, the Men's Addiction Treatment Center in Brockton, MA and the BOAT program to which he was assigned by the Dorchester District Court probation office.

8.   The undersigned does not know whether or not Mr. Kessler-Cleary has ascertained any confirmation of these matters.

9.   While the Government concedes that addiction is not easily addressed and while it is well-known that addicts often relapse, that reason does not warrant a refusal that a defendant should be able to receive help at a facility that would provide needed stability in a program of sufficiently long duration.

10.     Gosnold House offers such a program and has no difficulty in monitoring a defendant's whereabouts and accepts a defendant on an electronic bracelet.

11.     The Government in its opposition des not recite any quantity of drug to be attributed to the defendant but recites only that the amount is so low that he is not facing a minimum mandatory sentence.

12.     The defendant in a Local Rule 116 discovery letter has asked the Government to identify the quantity of drug that it believes it can prove to be attributed to the defendant.

13.      While the conspiracy in its entirety recites a serious drug trafficking offense, the defendant's role in the offense appears to be minor; a review of all evidence provided to date reveals no surveillance of him engaging in sales, no observed delivery to him of a quantity, no courier activities, no preparing the drugs for delivery. The eavesdropped Title III conversations are very scanty as to details delineating drug transactions and reveal no exact quantities involved.

14.     Undersigned counsel has learned that the sex offender case is on appeal and has further learned that because no counsel was quickly appointed by CPCS to represent Mr. Sanders on appeal, through no fault of the defendant, the tapes containing those hearings are no longer in existence, the transcripts cannot be produced from the missing tapes and the record must be reconstructed.

15. In short, the conviction being on appeal is not final and should not be used against the defendant.

16.  The defendant's mother has indicate to the undersigned that if the defendant completes a program such as the one Gosnold House offers she will undertake thereafter to help the defendant secure an apartment.

17. As to the failure of Plymouth County House of Correction to undertake appropriate medical care and treatment for the defendant, the Court and government counsel and defendant's counsel should all be concerned for the health of the defendant.

18. The defendant notes that without a clear indication of the amount of drug to be attributed to him, he cannot compute his possible guideline sentence and does not know whether his stay in custody even presently exceeds his possible guideline sentence.

19. Counsel avers that the above facts were not known at the time of detention and should cause reconsideration of the detention order.

WHEREFORE, for all the foregoing reasons, Defendant Eli Sanders respectfully requests that this Court GRANT the within motion and permit the defendant's counsel leave to file defendant's brief response to Government's Opposition to Defendant's motion for reconsideration.

> Defendant
> ELI SANDERS
> By His Attorney,
>
> /s/ James B. Krasnoo
> James B. Krasnoo (Bar No. 273900)
> jkrasnoo@kkf-attorneys.com
> Krasnoo, Klehm and Falkner, LLP
> 28 Andover Street, Suite 240
> Andover, MA  01810

(978) 475-9955 (telephone)
Dated:  March 30, 2022
(978) 474-9005 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I served a true copy of the within document upon the attorney of record for each other party via the Court's ecf system on March 30, 2022.

*/s/ James B Kr*asnoo
James B. Krasnoo