UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELI SANDERS<br><br>Defendant | CRIMINAL No. 21-cr-10350-LTS |

GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENT TO GOVERNMENT'S THIRD INTERIM STATUS CONFERENCE REPORT

The United States of America, by Rachael S. Rollins, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, files this Response to Defendant's Supplement to Government's Third Interim Status Conference Report that the Defendant requested be treated as a motion for discovery by the court.   As set forth herein, the Defendant's request for all facts upon which the government would rely at sentencing should be denied.

The Defendant claims in paragraph 3 that "the Government has refused to name a specific quantity of methamphetamine to be attributed to him."  Before addressing that claim, the government notes that the defendant fails to cite to any authority which requires the government, after all disclosure of the evidence, to select and identify the specific information upon which the government might rely on during the sentencing procedure when, as in this case, a trial date has been set and Defendant has not entered into a plea agreement.

Essentially, the defendant is requesting a bill of particulars to which he is not entitled.

The Defendant cannot claim he has not received all the information in discovery. He simply wants the government to sift through the evidence that he possesses and wed itself solely to that information at this preliminary stage.

Even though the Defendant cannot claim he does not have the same evidence as the government, nonetheless, the government attempted to identify information which relates to quantity possession. Attached to this motion is a letter sent by the government on March 23, 2022, in which the government first clarified that it had not, in fact, discussed any sentencing range because the Defendant's criminal history -- which is relatively complex -- had not yet been studied.[1]

It should be noted that the Defendant is not charged with a specific amount which would trigger a mandatory minimum. Normally in such a case, the government would make its calculations before a plea if a plea agreement was entered into between the parties; after a plea (which would not require a specific amount attributable to the Defendant); or after trial when preparing its statement of facts for pre-probation.[2] It has also been the government's experience that amount calculations are always subject to change depending on proof and testimony at trial. However, rather than refusing to name a specific amount, the government did in fact highlight evidentiary matters which might shed light on the issue. The government identified 14

---

[1] The government has since been advised that U.S. Probation has reviewed the Defendant's criminal history and has provided both counsel with its preliminary calculation as to his criminal history.

[2] Local Rule 116.2(4) requires only that "[b]efore any plea or the submission by the defendant of any objections to the Pre-Sentence report, whichever first occurs: a written summary of any information in the government's possession that tends to diminish the degree of culpability or the defendant's Offense Level under the United States Sentencing Guidelines."

intercepted conversations which it believed were relevant to the issue of attributable quantities. These interceptions were all provided to the Defendant during the discovery process.

By a letter response, defense counsel disputed the statements made by the government and asked to confer after the government had a chance to review the matters further.

Thereafter, the government and defense counsel exchanged several emails. On June 10, 2022, the government wrote:

> We have determined that the drug references that you and I were previously discussing (re wire sessions where the words used were whole and half) are not references to pounds but to ounces. However, in asking for further confirmation and clarification, we reviewed all of your client's activity and believe that the amount to be attributable to your client includes other quantities that were possessed and distributed in furtherance of the conspiracy. Sanders aided and abetted the distribution by having other co-conspirators come to his residence at the Farrington and to use it as a meeting place where other individuals would come; divide up the drugs; and provide those drugs to other members of the conspiracy. For example, in a particular March 30, 2021, transaction, [name deleted] met [name deleted] at Sander's place at the Farrington. Prior to going there, [name deleted] advised that he had eight pounds of meth and in a wire transaction indicated that he had an open package. [name deleted] arrived at the location and received a package. [Name deleted] was later stopped and found with 2 pounds of meth.
>
> Even assuming the total is not attributable to your client, and only the 2 pounds which was sold to [name deleted] are attributable to him, I believe his AOL would be Level 32.

Despite this specificity, on June 20, 2022, the defense requested that the government provide "**all facts** which justify the total amount you wish to attribute to him." [bold in the original]. Counsel went on to state "**Please state all facts that you claim justify the total amount**." In the same email, defense counsel acknowledged that the government had, in fact, earlier indicated it believed the adjusted offense level for the guideline was 32.

The government responded that it had gone "back and reviewed the amounts that I believe are attributable to your client. As I explained in my earlier email, the amounts previously

3

discussed are ounces, not pounds. I also explained the supplemental factual basis for the amounts that I believe supply the basis for the drug weight. The fact that you disagree with me does not mean I failed to provide the information."

Defense counsel responded "give me the total number you would be reciting to the Court or to probation in you [sic] global fact pattern that you attribute to my client. I am looking for the specific number that you would give."

The government again responded in an email dated June 24, 2022. The government wrote the following:

> I do not believe I am obligated at this point to again provide information ("Please state the amount. Please state all facts that you claim justify the total amount"). I am not required to identify further, or to limit in any way, the government's proof regarding sentencing in the manner in which you have requested at this point in time. In fact, I have provided you with a potential amount (and a BOL of 32 with is triggered by that amount) and I have provided the facts that support that amount. You disagree with those facts. As I have noted previously, that does not mean I cannot rely upon them or will, after trial, perhaps have other amounts to be attributed to your client. I have also provided you with all of the information regarding your client's activity so that your own determination can be made.

Based upon the foregoing, the government respectfully requests that the court deny the Defendant's motion.

Respectfully Submitted,

RACHAEL S. ROLLINS
United States Attorney

By: */s/ Nadine Pellegrini*
Nadine Pellegrini
Assistant U.S. Attorney