

U.S. Department of Justice

*Rachael S. Rollins*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*   *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 25, 2022

BY EMAIL

James Krasnoo, Esq.
jkrasnoo@kkf-attorneys.com

Re:  U.S. v. Eli Sanders
Criminal No. 21-10350-LTS

Dear Attorney Krasnoo:

     I apologize for the delay in responding to your March 11, 2022 letter requesting additional discovery in the above-captioned matter.

     Just to clarify a few things, the government has not, as you have acknowledged to me, provided either a proffer letter or a plea agreement to your client.  I also do not believe that the government has discussed any particular sentencing range as I know that I have not yet had the opportunity to determine your client's criminal history.

     All that being said, the following matters which come from the wire interceptions might help shed some light on the quantities that are attributable and the active role your client played during the course of the conspiracy.

(1) Sessions 74 & 75:  SANDERS tells TAM that he [SANDERS] has a "big play" (which we are prepared to argue refers to a drug deal) for a pound of mushrooms (which is not the focus of the indictment) and $400 of "tina" (which we believe refers to methamphetamine).   $400 of methamphetamine is roughly equivalent to an ounce or 28+ grams of methamphetamine.  From the context of this and other calls, we do not believe that the mushrooms are purchased from TAM but from another person or persons. However, we do believe that the methamphetamine is purchased from TAM for distribution during the course of the conspiracy.

(2) In Session 600, SANDERS and Tam discuss the drugs that SANDERS need for sales.  SANDERS initially wants to purchase "a half" --  which we believe refers to a half pound of methamphetamine.  He decides to purchase "a whole one" which we believe

refers to a pound of methamphetamine. However, TAM tells him that's "big money" so SANDERS decides to purchase the half pound.  A half pound would be 226 grams.

(3) In Sessions 619, 691, 710 and 757,  SANDERS and Tam discuss the money SANDERS has from the sales and how he had sent that money to Tam.  The amount referred to is "790."

(4) In Session 683, SANDERS texts DUONG and asks how much he [DUONG] is charging for a pound of methamphetamine.  Later that same day in Session 754, Tam calls SANDERS to ask if Tam and Duong can use SANDER'S place to package drugs.  From other interceptions and the agents's familiarity with this investigation, other members of the conspiracy used SANDER's place to use and weigh drugs that were being distributed during the course of the conspiracy.

(5) In Session 725, SANDERS tells TAM that he has the "rest of that paper for you" which we believe refers to the money owed to TAM that SANDERS obtained from the sales of methamphetamine.

(6) In Session 2641, 2642, 2764, 2765, 2767, TAM and SANDERS check in on the status of the sales.  At one point, TAM tells SANDERS he did not contact him to get money. SANDERS replies to  TAM that "I still feel like I should be able to give you something because that's my responsibility ……"

I am happy to discuss this further with you after you have had a chance to review the material I have highlighted here.

                                              Very truly yours,

                                              RACHAEL S. ROLLINS
                                              United States Attorney

                                  By:    */s Nadine Pellegrini*
                                        NADINE PELLEGRINI
                                        Assistant U.S. Attorney