UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
21-10350-LTS

UNITED STATES OF AMERICA

v.

ELIAS SANDERS

## ORDER ON DEFENDANT'S REQUEST FOR INFORMATION

August 15, 2022

DEIN, U.S.M.J.

### INTRODUCTION

In response to the Government's Third Interim Status Conference Report, the defendant, Eli Sanders, filed a Supplement, noting his objection to the Government's alleged refusal to name a specific quantity of methamphetamine to be attributed to him. (See Docket No. 159 at ¶ 3). Such information, according to the defendant, was necessary for him to determine whether to plead guilty or to proceed to trial, as it was relevant to the calculation of any sentence he might receive. (Id. ¶ 4). The defendant clarified that his Supplement should be considered a motion to compel, and the government filed a response. (Docket No. 164). Therein, the government argued that "the defendant is requesting a bill of particulars to which he is not entitled" and explained the information the government already has provided relating to the drug quantities at issue in this case. (Id. at 1, Docket No. 164-1). The government further "noted that the Defendant is not charged with a specific amount which would trigger a mandatory minimum." (Docket No. 164 at 2). The court agrees that the defendant is not

entitled to additional information about the drug quantities being attributed to him at this time.

## ANALYSIS

The defendant cites no support for his request for additional discovery at this time. The defendant does not dispute that the indictment is sufficient to charge the defendant with a drug conspiracy, and that in such a case "each co-conspirator is responsible not only for the drugs he actually handled but also for the full amount of drugs that he could reasonably have anticipated would be within the ambit of the conspiracy." United States v. Pinkham, 896 F.3d 133, 136 (1st Cir. 2018) (additional citations omitted). The indictment does not need to specify the drug quantity attributable to each defendant. See United States v. Carmona-Bernacet, No. 16-547 (FAB), 2022 WL 1210933, at *4 (D.P.R. April 25, 2022) (and cases cited).

The government has identified the conversations it believes are relevant to the issue of the amount of drugs attributable to the defendant, and has explained its present calculation of the defendant's offense level. (See Docket No. 164 at 3). Nothing further is required at this time. (See L.R. 116.2(4) requiring disclosure of "a written summary of any information in the government's possession that tends to diminish the degree of the defendant's culpability or the defendant's Offense Level under the United States Sentencing Guidelines" "[b]efore any plea or to the submission by the defendant of any objections to the Pre-Sentence Report, whichever first occurs"). The government's explanations to date have been based on discovery that has been produced. The defendant has not established that he is entitled to any additional discovery at this time.

[2]

The request for additional discovery is therefore DENIED.

                                                    / s / Judith Gail Dein
                                                    Judith Gail Dein
                                                    United States Magistrate Judge